IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00350-F-1
No. 5:14-CV-00423-F

| | |
|---|---|
| ISIAH DENZEL YOUNG, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-134] Isiah Denzel Young's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-129]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, and Young's § 2255 motion is DENIED.

## I. Factual and Procedural Background

On November 16, 2011, Young was charged in each count of a four-count indictment. *See* Indictment [DE-1]. On December 21, 2011, Young was named in each count of a four-count superseding indictment. *See* Superseding Indictment [DE-33]. In Count One, Young was charged with conspiracy to possess with intent to distribute and distributing a quantity of marijuana, in violation of 21 U.S.C. § 846. Count Two charged Young with possession with intent to distribute a quantity of marijuana and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In Count Three, Young was charged with possession of a firearm in furtherance of a drug-trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2. Count Four charged Young with possession of a firearm and ammunition by a

felon, in violation of 18 U.S.C. §§ 924(g)(1) and 924.

At his arraignment, held on April 23, 2012, Young pled guilty to Counts One and Three of the Superseding Indictment pursuant to a written plea agreement [DE-67]. It was agreed that Counts Two and Four of the Superseding Indictment would be dismissed at sentencing. *Id.* at 6.

On September 10, 2012, the court held Young's sentencing hearing and sentenced him to 8 months' imprisonment on Count One and 59 months' imprisonment on Count Three. *See* Judgment [DE-90]. It was ordered that the sentence imposed in Count Three would be served consecutive to the sentence imposed in Count One for a total sentence of 67 months' imprisonment. Young did not appeal.

On February 19, 2013, Young filed a motion to appoint counsel and to reduce his sentence pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) [DE-105]. In an order [DE-106] entered on March 6, 2013, the Federal Public Defender was appointed to determine if Young qualified for post-conviction relief under *Simmons*. An attorney with the Federal Public Defender's Office made an appearance and immediately moved to withdraw. In an order [DE-121] entered on September 25, 2013, the court construed Young's February 19, 2013 motion as an attack on his sentence and informed him that he had 28 days to pursue a motion under 28 U.S.C. § 2255. On July 1, 2014, Young filed a motion [DE-127] seeking a status update regarding his case, and the court again sent him the forms to use to file a § 2255 motion.

On July 24, 2014, the court received Young's instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-129]. In his § 2255 motion, Young argues that he is entitled to relief because (1) *Simmons* alters his conviction and sentence; and (2) his

2

attorney provided ineffective assistance of counsel by failing to explain that as a result of *Simmons*, his prior conviction did not qualify him as a felon in possession of a firearm. On September 8, 2014, the Government filed its Motion to Dismiss [DE-134].

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### A. Young's first claim is barred by the waiver in his plea agreement.

Young's plea agreement contained a waiver of his right to challenge his conviction or

3

sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable if the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

In this case, Young's plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-67] at 1. The court finds that Young's waiver was both knowing and voluntary. Moreover, even if it were not, Young is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

Young's claim that *Simmons* alters his conviction and sentence does not deal with ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his

4

guilty plea. Accordingly, pursuant to the waiver in his plea agreement, Young has waived the right to pursue this claim.

**B. Young's second claim fails to state a claim for ineffective assistance of counsel.**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

*Simmons* concerned the definition of an offense "punishable by imprisonment for a term exceeding one year." *Simmons*, 649 F.3d at 243-44. This term is not relevant to Young's offenses of conviction because Young was convicted of a drug offense and an offense under § 924(c), neither of which requires a predicate felony conviction. Whether Young had a qualifying felony conviction prior to his conviction in this matter is irrelevant. Consequently, *Simmons* has no impact on his convictions in this case.

5

Here, Young has failed to sufficiently allege that his attorney provided deficient performance for failing to explain that as a result of *Simmons*, he did not qualify as a felon in possession of a firearm. As explained, *Simmons* had no impact on Young's convictions in this case. Thus, Young has not shown that his attorney provided deficient performance. Moreover, Young has failed to sufficiently allege prejudice. Accordingly, Young's second claim fails under both prongs of the *Strickland* standard.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-134] is ALLOWED, and Young's § 2255 motion [DE-129] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Young has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 25 day of November, 2015.

*James C. Fox*
James C. Fox
Senior United States District Judge